■ NORTH STAR CONTRACTING CORP., Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 6, 1989, which granted the defendant's motion for partial summary judgment dismissing the fourth cause of action.

Ordered that the order is affirmed, with costs.

In 1981, after open competitive bidding, the plaintiff was awarded a contract by the City of New York for the removal and replacement of both outer roadways of the Williamsburg Bridge. The agreed-upon contract price was $10,609,326.60. The plaintiff's work involved a good deal of welding. To prevent objects from falling on passing ships, the contract required the plaintiff to employ safety devices such as netting, asbestos tarpaulins, watchmen, and "other approved method[s]". In addition, other provisions of the contract provided that the city could, at any time, increase the safety of the work being performed and that the actual field conditions might require modifications in construction details.

After it became clear that asbestos materials would not be used because of objections by labor unions, and other devices proved to be unsatisfactory, the parties agreed that the plaintiff's employees would stop all welding work as ships passed.

On February 26, 1982, after the implementation of this safety procedure, an empty oil barge caught fire and exploded while passing under the bridge. The National Transportation Safety Board placed partial blame on both the plaintiff, for failing to prevent hot slag from falling from the bridge, and the city, for failing to take effective action against the plaintiff to prevent such material from falling from the bridge. As a result of this incident, a new safety procedure was implemented whereby the plaintiff would now stop all work on the bridge as ships passed. Even though the plaintiff completed the project ahead of schedule, it brought this contract action alleging, in its fourth cause of action, that the delays caused

by this new safety procedure were a breach of contract causing it damages in excess of $1 million.

We agree with the Supreme Court that because of the various provisions of the contract noted above, the delays alleged by the plaintiff were well within the contemplation of the parties, and thus, there is no issue of fact as to whether the city unreasonably interfered with the plaintiff's performance of the contract. Accordingly, partial summary judgment dismissing the fourth cause of action was appropriate *(see generally, Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297). Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.